**UNITED STATES of America, Plaintiff–Appellee,**

v.

**KHANG KIEN TRAN, a.k.a. Charlie, a.k.a. Thanh, a.k.a. Tran, Defendant–Appellant.**

**No. 14–10572.**

United States Court of Appeals, Ninth Circuit.

Submitted April 26, 2016.*

Filed April 29, 2016.

Florence T. Nakakuni, Esquire, Assistant U.S., Tony Ray Roberts, Esquire, Assistant U.S., DOJ–Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Khang Kien Tran, Coleman, FL, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM **

Khang Kien Tran appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a district court has authority to modify a sentence under section 3582(c)(2), *see United States v. Leniear*, 574 F.3d 668, 672 (9th Cir.2009), and we affirm.

Tran contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. The district court properly concluded that Tran is ineligible for a sentence reduction because Amendment 782 has not lowered his applicable sentencing range. *See* 18 U.S.C. § 3582(c)(2); *Leniear*, 574 F.3d at 673–74. To the extent that Tran seeks to challenge the sentencing court's original calculation of his Guidelines range, this claim is not cognizable in a section 3582 proceeding. *See Dillon v. United States*, 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (section 3582(c) does not permit a "plenary resentencing proceeding").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.